■ PAUL SALINGER, as Limited Administrator of the Estate of SOPHIE SALINGER, Deceased, Respondent, v. ELI HOLLANDER et al., Defendants, and BERTHA HOLLANDER, Appellant.— In an action to recover damages for personal injury, the defendant Bertha Hollander appeals from an order of the Supreme Court, Kings County, entered July 9, 1962, granting her motion, pursuant to section 181 of the Civil Practice Act, to dismiss the action as against her for lack of prosecution " unless a note of issue herein is filed for the October, 1962 Term." Order modified by striking therefrom the proviso as to the filing of the note of issue. As so modified, order affirmed, without costs. For having failed to serve the complaint within 20 days (and in fact for more than one year) after defendant's demand therefor, the plaintiff was in default (Civ. Prac. Act, § 257). No motion had been made by plaintiff to open the default although this clearly was the proper procedure (Borreggine v. Di Ponzio, 10 A D 2d 811; Parmett v. Concord Hotel, 9 A D 2d 767). Moreover, plaintiff failed to show either a reasonable excuse for the default or a meritorious cause of action (Blasser v. Morrisania Milk Co., 243 App. Div. 281). Hence, it was an improvident exercise of discretion for the court to withhold the unconditional dismissal of the action. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.